Moreira v Moreira (2022 NY Slip Op 00013)





Moreira v Moreira


2022 NY Slip Op 00013


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Index No. 302952/19 Appeal No. 14946 Case No. 2021-00569 

[*1]Taylor Phillips Moreira, Plaintiff-Respondent,
v
Paul Michel Moreira, Defendant-Appellant.


Law Office of Deana Balahtsis, New York (Deana Balahtsis of counsel), for appellant.
Lee Anav Chung White Kim Ruger & Richter LLP, New York (Aimee L. Richter of counsel), for respondent.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered on or about January 26, 2021, which, to the extent appealed from as limited by the briefs, awarded plaintiff pendente lite spousal maintenance of $1,172 per month and child support of $3,683 per month, and an interim counsel fee award of $25,000, unanimously affirmed, without costs.
Ordinarily, an aggrieved party's remedy for any perceived inequities in a pendente lite award is a speedy trial, and we find that no exception is warranted here (see Anonymous v Anonymous, 63 AD3d 493, 496-497 [1st Dept 2009], appeal dismissed 14 NY3d 921 [2010]). The court awarded plaintiff the presumptive amount of temporary maintenance based on the parties' 2019 income tax returns (see Domestic Relations Law § 236[B][5-a]), acting well within its discretion not to impute plaintiff's mother's monetary gifts as additional income given the significant drop in plaintiff's income in 2020 due to the pandemic. We also decline to disturb the court's pendente lite child support award in the absence of any exigent circumstances demonstrated by defendant (see Torres v Torres, 171 AD3d 613, 614 [1st Dept 2019]).
The court providently exercised its discretion in awarding interim counsel fees to plaintiff, considering the circumstances of the case and the respective financial positions of the parties (see Domestic Relations Law § 237; Evgeny F. v Inessa B., 127 AD3d 617 [1st Dept 2015]). Even if plaintiff had access to funds, as defendant claims, there would be no requirement that she spend down a substantial portion of those assets to qualify for an award of counsel fees (CharpiÉ v CharpiÉ, 271 AD2d 169, 172 [1st Dept 2000]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022